<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NORTH JERSEY INTERIORS, LLC, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 11-724 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS ET AL., | : | |
| | : | |
| Respondent. | : | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on three motions: 1) the motion to stay or vacate the arbitration award by Petitioner North Jersey Interiors, LLC ("Interiors"); 2) the motion to stay or vacate the arbitration award by New Jersey Installations, LLC ("Installations"); and 3) the cross-motion to confirm the arbitration award by New Jersey Regional Council of Carpenters ("Council"). For the reasons that follow, Interiors' motion to vacate the arbitration award will be granted, but Installations' motion to vacate the arbitration award will be denied. Accordingly, Council's cross-motion to confirm the arbitration award will be granted as to Installations, and denied as to Interiors.

This case concerns a labor dispute that was heard by arbitrator J.J. Pierson (the "Arbitrator"). In brief, the Council had entered into a collective bargaining agreement ("CBA") with Installations. The CBA contains an arbitration provision, and a provision that the employer (Installations) "will not attempt to form or participate in the creation or operation of new or

double-breasted corporations for the purposes of avoiding the obligations of this Agreement." (Martino Cert., Ex. A, Agreement, Art. XIX, ¶ 4.) The Council grieved to the Arbitrator that Installations violated this provision by participating in a double-breasted operation with Interiors. Interiors was notified of the pending hearing, and filed an application for a injunction to prohibit the Council from proceeding with the arbitration, arguing that the Arbitrator had no authority to determine the liability of Interiors under the CBA, since Interiors was a non-signatory to the Agreement. This Court denied Interiors' application, reasoning that Interiors had not met its burden of showing irreparable harm, given that Interiors could preserve its objections, and its right to have a court decide whether Interiors is bound by the CBA. Interiors thus opposed the arbitration but participated in it, maintaining its jurisdictional objections. (Martino Cert., Ex. A, Award & Order, at 1.) The Arbitrator found that Installations and Interiors are a "single employer," and that the two entities operated in a manner which circumvents the CBA. *Id.*, at 11. The Arbitrator granted Council's request for damages in connection with two work sites, ordering Installations, "operating as a single employer" with Interiors to pay said damages to the Council.

Interiors now moves to vacate or stay the arbitration award on the ground that it is for the court, not the arbitrator to determine whether a non-signatory to a collective bargaining agreement can be held liable on the basis of a relationship between the non-signatory and a signatory. (Interiors' Br., at 18.) This is clearly true. It is well-settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). This fundamental principle alone mandates that the award be vacated as to Interiors. It is undisputed that Interiors was not a signatory to the CBA with the

Council.  To be sure, the Arbitrator had authority to determine whether Installations had violated Article XIX of the CBA (the provision prohibiting Installations from participating in a "new or double-breasted corporation" to avoid the obligations of the Agreement).  However, the Arbitrator's determination that Installations was operating as a "single employer" with Interiors does not supplant a judicial determination that Interiors is subject to the CBA's arbitration clause by virtue of such status.  Absent this judicial determination, the Arbitrator had no authority to arbitrate the dispute between Interiors and the Council.  Indeed, the Supreme Court has reiterated the rule that arbitrability is an issue for judicial determination, as follows:

> [T]he question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.

*AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 649 (1986).  Here, the parties did not "clearly and unmistakably" agree that the Arbitrator would decide whether Interiors was bound by the CBA, and thus required to arbitrate.  The Council contends that Interiors waived its objections to arbitrability by participating in the February 10, 2011 arbitration.  (Council's Br., at 11.); *see, e.g., United Indus. Workers v. Gov't of the Virgin Islands*, 987 F.2d 162, 168 (3d Cir. 1993) ("[A] party may waive its right to challenge an arbitrator's authority to decide a matter by voluntarily participating in an arbitration.")  It opines that, "[h]ad Interiors refused to participate in the arbitration on the grounds that the Court had not made a factual finding that it was required to arbitrate, the Council would have sought to compel Interiors to arbitrate . . . ."  This assertion is disingenuous, and misconstrues Interiors' posture in this case.  As summarized above, Interiors sought to enjoin the arbitration hearing on the basis that it was not subject to the Arbitrator's jurisdiction.  The Court denied the application in part because Interiors could preserve its

objections and its right to have a court decide whether the CBA bound it to arbitrate. (Transcript, Feb. 10, 2011, docket entry no. 6, at 14.) The Arbitrator's Award and Order notes that Interiors "did not waive its right to object to the proceedings." (Martino Cert., Ex. A, Award & Order, at 1, 4.) In short, Interiors made its disagreement with arbitration known at every step. As such, under *AT&T*, the question of whether the CBA created a duty for Interiors to arbitrate a dispute remains a question for the court, not the arbitrator, to decide.

The Council argues that the Supreme Court's decision in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964) supports its position that Interiors, though not a signatory to the labor agreement, was obligated to arbitrate.[1] This is simply not so. Instead, *Wiley* stands for the proposition that *a court may determine* that a non-signatory is obligated to arbitrate a dispute. The point is that it is *the court* that makes this threshold determination, not the arbitrator:

> The threshold question in this controversy is who shall decide whether the arbitration provisions of the collective bargaining agreement survived the Wiley-Interscience merger, so as to be operative against Wiley. Both parties urge that this question is for the courts. Past cases leave no doubt that this is correct. Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties. . . . Here, the question is whether Wiley, which did not itself sign the collective bargaining agreement on which the Union's claim to arbitration depends, is bound at all by the agreement's arbitration provision. The reason requiring the courts to determine the issue is the same in both situations. The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer

---

[1] The Council also cites other cases in support, all of which are either not controlling authority, or not applicable to this case. Moreover, the Council cites *New Jersey Building Laborers District Councils Local 325 v. Molfetta Industries Co., Inc.*, 365 Fed. Appx. 347 (3d Cir. 2010) as supporting the proposition that an arbitrator has authority to hold companies constituting a "double-breasted corporation" liable under a labor agreement, however, in that case, both companies were signatories to the labor agreement, and thus the issue of arbitral jurisdiction over a non-signatory was not presented.

> has no obligation to arbitrate issues which it has not agreed to arbitrate, so a fortiori, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all.

*Id.* at 546-547 (citations omitted). *Wiley* makes clear that, when the Arbitrator decided the question of whether Interiors, a non-signatory to the CBA, was bound to arbitrate, he usurped the role of the court and exceeded his powers.

Moreover, the Third Circuit's decision in *Laborers' Int'l Union v. Foster Wheeler Corp.* controls this Court's decision on this issue. The Third Circuit held as follows:

> This Court vacated the arbitration order because the district court, not the arbitrator, was to decide whether FWC was bound by the Agreement, since if it were not bound, it could not be commanded to submit to arbitration. The reason is straightforward: a party cannot be compelled to arbitrate the arbitrability issue. As a signatory to the Agreement, FWEC was unquestionably obligated to arbitrate the dispute. FWC, on the other hand, was not a signatory thereto, and hence the court could direct it to arbitration only if the court first determined that somehow FWC had become bound by the Agreement.

*Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 399 n.27 (3d Cir. 1994) (citations omitted). The analogy is so clear that no further explanation is needed.

This Court finds that, pursuant to *AT&T*, the Arbitrator lacked the authority to determine that Interiors was bound by the CBA. The motion vacate the arbitration award will therefore be granted as to Interiors, and Council's motion to confirm the arbitration award against Interiors will be denied.

Installations also argues that the Arbitrator's award must be vacated because there is no factual or legal basis for his conclusion that Installations operates as a "single employer" with Interiors, in violation of the CBA. However, "[c]ourts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S. Ct. 364, 98 L. Ed. 2d

286 (1987). Rather, courts play an "exceedingly limited role" in reviewing arbitration awards, and may only vacate an award "which does not draw its essence from the collective bargaining agreement, but instead represents the arbitrator's 'own brand of industrial justice.'" *Tanoma Mining Co. v. Local Union No. 1269*, 896 F.2d 745, 747-48 (3d Cir. 1990) (internal citation omitted). "An arbitration award draws its essence from the bargaining agreement if 'the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention.'" *Id.* (citing *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969)). Moreover, although the arbitrator must make factual findings in the arbitration award, the Court may not reject those findings simply because it disagrees with them. *See Misco*, 484 U.S. at 39.[2]

      In this case, the Arbitrator's award emanated from his interpretation of Article XIX of the CBA, which prohibits Installations from participating in a new or double-breasted corporation to avoid the obligations of the Agreement. He interpreted this provision to prohibit Installations from utilizing a "single-employer" relationship with another, non-union company to deprive carpenters in the Council of work opportunities and wages, or to avoid the payment of fringe benefit contributions to the Fund. The Arbitrator then considered the four factors relevant to the single employer analysis. (Martino Cert., Ex. A, Award & Order, at 11.) "The single employer test is used in a variety of contexts, including to determine 'whether an employer has impermissibly double-breasted' operations so as to avoid the obligations of a collective bargaining agreement." *Pearson v. Component Tech Corp.*, 247 F.3d 471, 486 (3d Cir. 2001). Thus, the Arbitrator's interpretation of the conduct prohibited by Article XIX rationally derives

---

[2]Also, 9 U.S.C. § 10 provides that a District Court may vacate an arbitration award upon several grounds, all of which are inapplicable here (for instance, where the award was procured by corruption, fraud or undue means).

from the Agreement.

Installations argues that, even if the Arbitrator's award had a legal basis, there were no legally-admissible factual findings to support his conclusion that Installations operates as a single employer with Interiors. On February 10, 2011, the Arbitrator conducted a hearing on whether Installations had violated Article XIX as to two particular job-sites. The parties had the opportunity to present evidence, though Installations apparently chose "not to produce witnesses [or] documentary evidence." (Martino Cert., Ex. A, Award & Order, at 1, fn1.) In issuing his Award and Order, the Arbitrator thus relied on the evidence produced by the Council, the findings from his previously-issued Award and Order to Compel an Audit, in July of 2010, and several post-hearing briefs submitted by the parties. *Id.*, at 7. He also explicitly rejected Installations' argument that the testimony of two Council witnesses was inadmissible hearsay and not credible. *Id.*, at 10, fn. 11. The Arbitrator made factual findings under each prong of the single employer analysis. *Id.*, at 10-11. At bottom, Installations argues with the correctness of the Arbitrator's conclusion from this analysis; namely, that it was conducting its businesses as a single employer with Interiors. However, it is not the place of this Court to vacate an award because it disagrees with the Arbitrator's findings of fact. *See Misco*, 484 U.S. at 39 (holding that "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."). Therefore, Installations' motion to vacate the Arbitrator's award will be denied, and Council's motion to confirm the award with respect to Installations will be granted.

An appropriate form of Order will be filed herewith.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 10, 2012