NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY INTERIORS, L.L.C., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> NEW JERSEY REGIONAL COUNCIL OF : <br> CARPENTERS OF THE UNITED : <br> BROTHERHOOD OF CARPENTERS & : <br> JOINERS OF AMERICA, ET AL., : <br> : <br> Defendants. : <br> : | Civil Action No. 11-724 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

      This matter comes before the Court upon the Motion for Reconsideration of this Court's Order and Judgment of January 10, 2012, filed by Defendant New Jersey Installations, L.L.C. ("Installations" or "Defendant"). Defendant New Jersey Regional Council of Carpenters ("Council") opposed the motion. This Court has considered the submissions by the parties in connection with this motion, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motion based on the papers submitted. For the reasons discussed below, this Court denies Installations' motion for reconsideration.

**I.**    **BACKGROUND**

      This case arises from a labor dispute. In April of 2005, the Council entered into a collective bargaining agreement ("CBA") with Installations. The Council filed a grievance with Arbitrator J.J. Pierson, alleging that Installations had violated the CBA by participating in a double-breasted corporation with Plaintiff North Jersey Interiors, L.L.C. ("Interiors"). Interiors

sought, but was denied, an injunction preventing a hearing before the Arbitrator, which took place on February 10, 2011.[1]  Interiors participated in the hearing, but maintained its objection to the Arbitrator's jurisdiction, Interiors being a non-signatory to the CBA.  The Arbitrator concluded, in his Award and Order of June 27, 2011, that Installations and Interiors are a single employer, and that the two entities operated in a manner which circumvents the CBA.  Accordingly, the Arbitrator ordered Installations, operating as a single employer with Interiors, to pay damages to the Council with respect to certain work-sites.

The Council moved to confirm the arbitration award.  Interiors moved to vacate or stay the arbitration award on the ground that it was not for the Arbitrator to determine whether Interiors, as a non-signatory to the CBA, could be held liable on the basis of its relationship with Installations, a signatory to the CBA.  Installations also moved to vacate the award, on the ground that it lacked a factual or legal basis.  This Court concluded that the Arbitrator indeed lacked authority to determine that Interiors was bound by the CBA, pursuant to the holding of the United States Supreme Court in AT&T Techs. v. Communs. Workers of Am., 475 U.S. 643, 649 (1986), and granted Interiors' motion to vacate.  Accordingly, the Council's motion to confirm the award with respect to Interiors was denied.  However, with respect to Installations, the Court emphasized that it does not sit "to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).  The Court concluded that the Arbitrator's award, finding that Installations and Interiors are a "single employer," draws its essence from Article XIX of the CBA, which prohibits Installations from participating in a new

---

[1] Prior to this hearing, on our about July 25, 2010, the Arbitrator had conducted a hearing, and ordered an audit of Installations, following a similar grievance by the Council that Installations was operating as a single employer with Interiors.

or double-breasted corporation to avoid the obligations of the Agreement.  See Pearson v. Component Tech Corp., 247 F.3d 471, 485 (3d Cir. 2001).  The Court also held that the Arbitrator had made factual findings pertaining to each prong of the single employer analysis, and noted that the Court must not vacate an award on the basis of a disagreement with the Arbitrator's findings of fact.  See Misco, 484 U.S. at 39 (holding that "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.").  Thus, the Court denied Installations motion to vacate the Arbitrator's award, and granted the Council's motion to confirm the award with respect to Installations.

The foregoing rulings were set forth the Order, Opinion and Judgment dated January 10, 2012.  Installations now moves for reconsideration, arguing that same must be granted to prevent a manifest injustice.

II.     DISCUSSION

   A.     **Legal Standard for Reconsideration**

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence

not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

  B.  **Analysis**

Installations argues that the Court should reconsider its January 10, 2012 Order and Judgment because (1) it inadvertently relied on facts not properly before the Court; (2) there was no factual record to support the Arbitrator's award against Installations; and (3) the Court overlooked controlling decisions of law.

Installations' first argument is premised on the faulty notion that, because the Arbitrator had no jurisdiction to determine that Interiors was bound by the CBA, it was therefore improper for him to determine whether Installations violated the CBA through its relationship with Interiors. Installations asserts, pursuant to Federal Rule of Evidence 105[2] and 403,[3] the evidence

---

[2]This Rule provides, in part:
When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

[3]This Rule provides, in part:
Although relevant, evidence may be excluded if its probative value is substantially

"specific to Interiors" should have been excluded from the arbitration hearing. However, evidence as to Interiors' business operations was relevant to the question of whether Installations and Interiors were operating as a single employer, a question which was properly before the Arbitrator. Therefore, the Arbitrator was entitled to consider the evidence before him with respect to both Installations and Interiors.

Installations' second argument merely rehashes the basis of its original motion to vacate the Arbitrator's award: the alleged absence of a supporting factual record. It is well established that ". . . recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden" on a motion for reconsideration. G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J.1990). Moreover, as set forth in the Court's Opinion of January 10, 2012, the Arbitrator did rely on a factual record in rendering his award: he considered evidence produced by the Council, findings from his previously-issued Award and Order to Compel an Audit, and post-hearing briefs from the parties, and set forth findings of fact under each prong of the single employer analysis. Installations disagrees with the Arbitrator's findings of fact, but mere disagreement is not a basis for the court to vacate an arbitration award. Misco, 484 U.S. at 39.

Installations' further assertion that the Arbitrator dealt improperly with the subcontractor relationship between Interiors and Installations is a really a quarrel with the Arbitrator's interpretation of the CBA. Installations argues that the Court overlooked controlling law in that it failed to properly apply the standard set forth in Tanoma Mining Co. v. Local Union No. 1269, 869 F.2d 745, 747-48 (3d Cir. 1990); namely, that a court may vacate an arbitration award

---

outweighed by the danger of unfair prejudice, confusion of th e issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"which does not draw its essence from the collective bargaining agreement, but instead represents the arbitrator's own brand of industrial justice." "An arbitration award draws its essence from the bargaining agreement if 'the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intentions.'" Id. (citing Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969). Installations argues that there is no rational way that Article XIX of the parties' CBA can be interpreted as prohibiting a signatory (Installations) from receiving work subcontracted from a non-signatory (Interiors). This was, quite simply, not the Arbitrator's interpretation; rather, he held that Article XIX prohibits the signatory from operating as a "single employer" with another corporation. For the reasons set forth in the Court's prior Opinion, this is a rational interpretation of Article XIX of the CBA, which prohibits Installations from participating in a "new *or* double-breasted corporation" to avoid the obligations of the Agreement. (Martino Cert., Ex. A, Agreement, Art XIX, ¶ 4) (emphasis added); see also Pearson, 247 F.3d 471, 488 (3d Cir. 2001) ("The single employer test is used in a variety of contexts, including to determine 'whether an employer has impermissibly double-breasted' operations so as to avoid the obligations of a collective bargaining agreement.").

The Court also notes that the Arbitrator did not overlook the fact that Interiors subcontracted work to Installations; the Arbitrator explicitly found that Installations is "a[n] entity created to perform interior installations with union-workers," and that Interiors is "a non-union entity and the sole source of work for Installations." Id. at 9. However, the Arbitrator made findings apart from the existence of the subcontractor relationship in support of his conclusion that "Installations and Interiors do not operate independently, but function as a single

entity under separate names." Id.[4] Accordingly, Installations' argument that the Court overlooked holding of Westinghouse Electric Corporation, 163 N.L.R.B. 914, 64 L.R.R.M. (BNA) 1445 (1967) is also without merit. Installations cites Westinghouse for the proposition that the relationship of a contract to a subcontractor does not inherently entail the integration necessary for a single employer finding. Here, as set forth above, the Arbitrator did not view a subcontracting relationship between Interiors and Installations as inherently entailing a single employer relationship; he made numerous findings apart from the subcontracting relationship in support of his conclusion.

In short, Installations' motion must be denied because it has failed to satisfy the standard governing motions for reconsideration. Installations does not allege any change in controlling legal authority, nor does it argue that any previously unavailable evidence has come to light. Moreover, for the reasons discussed above, Installations has not demonstrated that reconsideration is necessary to correct a clear error of law, or to prevent a manifest injustice. The Court has reviewed the parties' submissions in connection with the underlying motion, and concludes that it correctly applied the legal standard for granting the Council's motion to confirm the arbitration award of June 27, 2011 against Installations. The standard of review for a motion for reconsideration is high, and relief is granted very sparingly. See NL Indus., Inc., 935 F. Supp. at 516. Installations has not satisfied the Court that it is entitled to such extraordinary relief.

Accordingly, the instant motion will be denied.

---

[4] For instance, the Arbitrator found that Installations only did work for Interiors, and that, while the only personnel on the Installation payroll were Union carpenters, Installations had no job records of where the carpenters worked and no records of customers for which work was performed. Id. at 8. Installations also lacked any independent management or clerical staff, and did not purchase its own materials, pay for utilities, or pay rent for its offices. Id. Indeed, Installations shared an office building (and phone number) with Interiors. Id. at 9.

### III. CONCLUSION

For the foregoing reasons, the Court denies Installations' motion for reconsideration.

An appropriate form of Order will be filed together with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: March 9, 2012